JEFFREY C. HALLAM (State Bar No. 161259)
E-Mail:   jhallam@sideman.com
ZACHARY J. ALINDER (State Bar No. 209009)
E-Mail:   zalinder@sideman.com
GINA CORTESE (State Bar No. 280674)
E-Mail:   gcortese@sideman.com
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone:   (415) 392-1960
Facsimile:   (415) 392-0827

Attorneys for Plaintiffs
Cisco Systems, Inc. and Cisco Technology, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CISCO SYSTEMS, INC., a California corporation, and CISCO TECHNOLOGY, INC., a California corporation,<br><br>　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>CUONG CAO DANG aka CALVIN DANG, an individual, NETWORK GENESIS, INC., a California corporation, THE DANG'S INVESTMENT, INC., a California Corporation, THE DANG'S INVESTMENT GROUP, INC., a California Corporation, ACE LAUNDROMAT, INC., a California Corporation, LY THI BE LE, an individual, THE CUONG CAO DANG & LY THI BE LE LIVING TRUST, a California trust, LOC XUAN HOANG, an individual, HIEU NGUYEN, an individual, and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | CASE NO: 3:14-cv-01789-EJD<br><br><br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br><br>Date: 9/19/2014<br>Time: 10:00 AM<br>Courtroom: 4, 5th Floor<br>Judge: Hon. Edward J. Davila |

Pursuant to Civil Local Rule 16-9, Fed. R. Civ. P. 26(f), and the Standing Order for All Judges of the Northern District of California, Plaintiffs Cisco Systems, Inc. and Cisco Technology, Inc. (together "Cisco" or "Plaintiffs") and Defendants Cuong Cao Dang, a/k/a "Calvin" Dang ("Dang"), Network Genesis, Inc., The Dang's Investment, Inc., The Dang's Investment Group, Inc., Ace Laundromat, Inc., Ly Thi Be Le, The Cuong Cao Dang & Ly Thi Be Le Living Trust (together, the "Dang Defendants"), and Defendant Loc Xuan Hoang (collectively "Defendants" and together with Cisco, the "Parties") hereby file the following updated Joint Case Management Conference Statement.

1) **Jurisdiction and Service**

The Parties are not aware of any jurisdiction or service issues except as follows. Hieu Nguyen remains unserved. Based on discussions with the attorneys for the Defendants and for the government, Cisco is informed and believes that Mr. Nguyen has fled the country. Cisco will continue the monitor the situation, including as relevant to the underlying criminal case, and serve Mr. Nguyen in the unlikely event that he returns to the United States.

2) **Facts**

<u>Cisco's Statement of Facts</u>: On July 24, 2013, the United States government (the "government") indicted Dang on charges related to the procurement and sale of counterfeit and stolen Cisco products in the Northern District of California and elsewhere. On October 30, 2013, the government returned a superseding indictment against Dang, Emily Le, David Huynh, Loc Xuan Hoang, Hieu Nguyen, Long Pham, Thuy Nguyen, and Edwin Lin. A true and correct copy of the superseding indictment, now public and obtained from the Court's PACER system, is attached to the Complaint as Exhibit A and is incorporated herein by this reference. Through this Action, Cisco seeks full recovery from Defendants for the damages and harm caused by their involvement in the alleged counterfeit and stolen goods ring.

<u>Defendants' Statement of Facts</u>: Defendants have answered the Complaint and have denied the majority of the allegations, have asserted a number of affirmative defenses, and have denied that Cisco is entitled to any relief from them.

3)   **Legal Issues**

In this action, Cisco asserts claims for (1) Federal Trademark Infringement, 15 U.S.C. § 1114; (2) Federal Trademark Counterfeiting, 15 U.S.C. § 1114; (3) Federal Unfair Competition, 15 U.S.C. § 1125; (4) Federal Trademark Dilution, 15 U.S.C. § 1125; (5) Violations of RICO, 18 U.S.C. §§ 1961, *et seq*., (6) California Common Law Trademark Infringement and Dilution; (7) California Unfair Business Practices, Cal. Bus. & Prof. Code §§ 14245 & 14247; (8) California Unfair Business Practices, Cal. Bus. & Prof. Code §§ 17200, *et seq*.; and, (9) an Accounting (the "Claims").  Other than as set forth in the Motions section below, the primary legal issues are whether Defendants are liable to Cisco for these Claims or whether Defendants can establish a legal or factual defense to them.

4)   **Motions**

a) <u>Prior Motions</u> – Defendants answered the Complaint, and therefore there has only been one motion filed thus far, Cisco's Motion to Relate this civil case to the underlying criminal action.  The Court granted Cisco's Motion to Relate the cases on May 13, 2014.

b) <u>Upcoming Motions</u> – The Parties have met and conferred regarding the potential upcoming motions.  Cisco's Motion for Appointment of a Receiver was resolved through a stipulated order, entered by the Court on August 26, 2014.  The Parties are meeting and conferring concerning the form and substance of the required reporting under the stipulated order.  Once the Parties have agreed on that and any other the terms of the reporting, the Parties may thereafter present a joint request that the civil case may be stayed, pending the resolution of the earlier-filed, underlying criminal matter.

5)   **Amendment of Pleadings**

The Parties are not currently aware of any anticipated amendment of the pleadings.

6)   **Evidence Preservation**

Counsel for the Parties have instructed their clients to retain and preserve the documents and electronic evidence related to the action, and have been advised that their clients have done so.

/ / / /

**7) Disclosures**

The Parties held the Rule 26(f) conference and believe that exchange of initial disclosures is premature, given the potential stay of the case described above. Accordingly, the Parties have agreed to hold initial disclosures in abeyance, pending determination of whether the case will be stayed.

**8) Discovery**

The Parties held the Rule 26(f) conference and believe that a discovery plan is premature, given the potential stay of the case described above. Accordingly, the Parties have agreed to hold discovery in abeyance, pending decision determination as to whether the case should be stayed.

**9) Class Actions**

Not applicable.

**10) Related Cases**

As described above, on May 13, 2014, the Court granted Cisco's Motion to Relate Cases, finding that Case No. CR 13-00486-EJD, *USA v. Cuong Cao Dang, et.al* and Case No. CV 14-01789-JCS, *Cisco Systems, Inc., et.al v. Cuong Cao Dang, et.al* are related as defined by Crim. L.R. 8-1(b).

**11) Relief**

<u>Cisco's Requested Relief</u>: Cisco seeks the following relief through this Action.

1. A judgment that Defendants directly infringed and counterfeited the Cisco Marks, and engaged in unfair competition through use of their counterfeit and/or infringing marks;

2. A judgment that Defendants' trademark infringement and counterfeiting were knowing and willful and committed with bad faith and intent to deceive and that this case is exceptional under 15 U.S.C. § 1117(a);

3. An order freezing the Defendants' assets, specifically declaring that Defendants hold in trust, as constructive trustees for the benefit of Cisco, the allegedly ill-gotten gains obtained from the sale of counterfeit and stolen Cisco products, and all additional property and money allegedly purchased or obtained as a result of the ill-gotten gains;

4. That the Court appoint a receiver to collect rents and profits from the real properties, both commercial and residential, that were purchased by Defendants using the allegedly ill-gotten gains obtained from the sale of counterfeit and stolen Cisco products, so that they may be preserved during the pendency of this action;

5. That Cisco be awarded actual damages and Defendants' profit, treble damages, statutory damages, punitive damages, full restitution, an increased award as provided for under 15 U.S.C. § 1117, prejudgment interest, and reasonable attorneys' fees and costs;

6. That the Court order Defendants to provide a full accounting, as necessary to establish the damages, profits and/or restitution to be awarded to Cisco above; and,

7. That the Court permanently enjoin Defendants from any further acquisition, possession, purchase, sale, or use of any counterfeit and/or infringing Cisco products.

<u>Defendants' Requested Relief</u>: Defendant Hoang seeks dismissal of the claims against him and all other relief listed in his Answer to the Complaint.

The Dang Defendants seek dismissal of the claims against them and all other reliefs listed in their Answer to the Complaint.

**12) Settlement and ADR**

The Parties held an ADR phone conference set by the Court on July 18, 2014.  The Parties also discussed ADR during the meet and confer in advance of the case management conference and agreed that Settlement and ADR is premature, given the issues discussed above.

**13) Consent to Magistrate Judge For All Purposes**

The Parties have not consented to the assignment of this matter to a Magistrate.

**14) Other References**

The Parties are not aware of any other references that would be appropriate here.

**15) Narrowing of Issues**

Other than the above, the Parties are not aware of any issues that can be narrowed at this point.

/ / / /

**16) Expedited Schedule**

The Parties do not believe this case can be handled on an expedited basis.

**17) Scheduling**

As described above, the Parties believe that further scheduling and discovery should be held in abeyance, pending determination as to whether the case should be stayed.

**18) Trial**

No trial date has been set.  Cisco estimates a 10 day jury trial.

**19) Disclosure of Non-party Interested Entities or Persons**

Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16 and certify that, to the extent listed in those filings, the persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non- financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.

**20) Other matters that may facilitate a just, speedy and inexpensive disposition**

The Parties are not aware of any other matters that may facilitate a just, speedy and inexpensive disposition, other than as described above.

Respectfully submitted,

DATED: September 11, 2014        SIDEMAN & BANCROFT LLP

By:   */s/ Zachary J. Alinder*
　　　　Zachary J. Alinder
　　　SIDEMAN & BANCROFT LLP

*Attorneys for Plaintiffs*
CISCO SYSTEMS, INC. and CISCO TECHNOLOGY, INC.

DATED: September 11, 2014        BERLINER COHEN LLP

By: _____*/s/ Frank Ubhaus*_____
Frank Ubhaus
BERLINER COHEN LLP

Michael Chinh Vu, Esq.
VU .S.A. LAW OFFICES, APC

*Attorneys for Defendants*
Cuong Cao Dang, a/k/a "Calvin" Dang ("Dang"), Network Genesis, Inc., The Dang's Investment, Inc., The Dang's Investment Group, Inc., Ace Laundromat, Inc., Ly Thi Be Le, The Cuong Cao Dang & Ly Thi Be Le Living Trust

DATED: September 11, 2014        LAW OFFICES OF STEVEN F. GRUEL

By: _____*/s/ Steven F. Gruel*_____
Steven F. Gruel
LAW OFFICES OF STEVEN F. GRUEL
*Attorneys for Defendant*
Loc Xuan Hoang

### ECF ATTESTATION

I, Zachary J. Alinder, attest that concurrence in e-filing this **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** has been obtained from the signatories above, in compliance with General Order 45, X.B.

DATED: September 11, 2014        SIDEMAN & BANCROFT LLP

By: _____*/s/ Zachary J. Alinder*_____
Zachary J. Alinder
SIDEMAN & BANCROFT LLP

*Attorneys for Plaintiffs*
CISCO SYSTEMS, INC. and CISCO TECHNOLOGY, INC.