JEFFREY C. HALLAM (State Bar No. 161259)
E-Mail: *jhallam@sideman.com*
ZACHARY J. ALINDER (State Bar No. 209009)
E-Mail: *zalinder@sideman.com*
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone: (415) 392-1960
Facsimile: (415) 392-0827

Attorneys for Plaintiffs
Cisco Systems, Inc. and Cisco Technology, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., a California corporation, and CISCO TECHNOLOGY, INC., a California corporation,<br><br>           Plaintiffs,<br><br>      v.<br><br>CUONG CAO DANG aka CALVIN DANG, an individual, NETWORK GENESIS, INC., a California corporation, THE DANG'S INVESTMENT, INC., a California Corporation, THE DANG'S INVESTMENT GROUP, INC., a California Corporation, ACE LAUNDROMAT, INC., a California Corporation, LY THI BE LE, an individual, THE CUONG CAO DANG & LY THI BE LE LIVING TRUST, a California trust, LOC XUAN HOANG, an individual, HIEU NGUYEN, an individual, TRI CAO DANG, an individual, VU VAN LE, an individual, THUY NGUYEN, an individual, LONG PHAM, an individual, EDWIN LIN, an individual, dba ECL ENTERPRISES MARKET, TOMMY NGO, an individual, VOTHIA NONG, an individual, DUYEN PHAM, an individual, HUNG LA, an individual, KENNETH TAM, an individual, HUAN TRAN, an individual, VU NGUYEN, an individual, CISBAY, INC., a Nevada corporation, CAVIN PHAM, an individual, KHANH LE, an individual, AH TECHNOLOGY SOLUTIONS CORP., a California corporation, FRANK NGUYEN, an | CASE NO: 3:14-cv-01789-EJD<br><br>**CISCO'S UPDATED CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: November 19, 2015<br>Time: 10:00 AM<br>Courtroom: 4, 5th Floor<br>Judge: Hon. Edward J. Davila |

1  individual, TOM HOANG, an individual, and DOES 19 through 50, inclusive,

2          Defendants.

2680024v1                                                                Case No. 3:14-cv-01789-EJD
CISCO'S UPDATED CASE MANAGEMENT CONFERENCE STATEMENT

Pursuant to Civil Local Rule 16-9, Fed. R. Civ. P. 26(f), and the Standing Order for All Judges of the Northern District of California, Plaintiffs Cisco Systems, Inc. and Cisco Technology, Inc. (together "Cisco" or "Plaintiffs") hereby file the following updated Case Management Conference Statement.[1]

**1)   Jurisdiction and Service**

Cisco is not aware of any jurisdiction or service issues except as follows. Defendant Hieu Nguyen remains unserved. Based on discussions with the attorneys for the Defendants and for the government, Cisco is informed and believes that Hieu Nguyen has fled the country. Cisco will continue the monitor the situation, including as relevant to the related criminal case, and will serve Hieu Nguyen in the unlikely event that he returns to the United States. In addition, despite diligent attempts at three addresses associated with the individual, Cisco has not yet been able to serve Defendant Vothia Nong (aka Tyler Chen). Cisco will continue to attempt to track down Defendant Nong to serve him. Cisco has not yet served Defendant Tri Cao Dang, but believes that the matter will likely be resolved as to Defendant Tri Cao Dang through the confidential settlement reached with the Dang Defendants. Cisco believes that all other Defendants have been served.

**2)   Cisco's Statement of Facts**

On July 24, 2013, the United States government (the "government") indicted Dang on charges related to the procurement and sale of counterfeit and stolen Cisco products in the Northern District of California and elsewhere. On October 30, 2013, the government returned a superseding indictment against Dang, Emily Le, David Huynh, Loc Xuan Hoang, Hieu Nguyen, Long Pham, Thuy Nguyen, and Edwin Lin. A true and correct copy of the superseding indictment, now public and obtained from the Court's PACER system, is attached to the Complaint as Exhibit A and is incorporated herein by this reference. Cisco amended its

---

[1] Given the recent addition of so many new Defendants, some of which have not yet formally appeared and do not appear to be represented by counsel yet, the parties were not able to coordinate the filing of a joint case management conference statement.

Complaint on September 10, 2015, adding 18 new Defendants whose involvement in the Action was uncovered through discovery in this Action.  *See* ECF No. 60.  Through this Action, Cisco seeks full recovery from Defendants for the damages and harm caused by their involvement in the alleged counterfeit and stolen goods ring.  The Dang Defendants, including Defendants Cuong Cao Dang, a/k/a "Calvin" Dang ("Dang"), Network Genesis, Inc., The Dang's Investment, Inc., The Dang's Investment Group, Inc., Ace Laundromat, Inc., Ly Thi Be Le, The Cuong Cao Dang & Ly Thi Be Le Living Trust, have stipulated to entry of judgment against them, which was filed and entered by the Court on November 3, 2015.  *See* ECF No. 147.

**3)    Legal Issues**

In this action, Cisco asserts claims for (1) Federal Trademark Infringement, 15 U.S.C. § 1114; (2) Federal Trademark Counterfeiting, 15 U.S.C. § 1114; (3) Federal Unfair Competition, 15 U.S.C. § 1125; (4) Federal Trademark Dilution, 15 U.S.C. § 1125; (5) Violations of RICO, 18 U.S.C. §§ 1961, *et seq*., (6) California Common Law Trademark Infringement and Dilution; (7) California Unfair Business Practices, Cal. Bus. & Prof. Code §§ 14245 & 14247; (8) California Unfair Business Practices, Cal. Bus. & Prof. Code §§ 17200, *et seq*.; and, (9) an Accounting (the "Claims").  Other than as set forth in the Motions section below, the primary legal issues are whether Defendants are liable to Cisco for these Claims or whether Defendants can establish a legal or factual defense to them.

**4)    Motions**

a) <u>Prior Motions</u> – The initial set of Defendants answered the Complaint, and therefore there has only been one motion heard thus far, Cisco's Motion to Relate this civil case to the underlying criminal action.  The Court granted Cisco's Motion to Relate the cases on May 13, 2014.  In addition, Cisco filed a Motion for Appointment of a Receiver and a Renewed Motion for Appointment of Receiver, which were both deemed withdrawn when the Court entered related Stipulated Orders agreed to between Cisco and the Dang Defendannts.

b) <u>Upcoming Motions</u> – Defendant Duyen Pham has filed a motion to dismiss, set for hearing on March 31, 2016.  Cisco filed its Opposition to that Motion on November 9, 2015.

1  Cisco is not aware of any other upcoming motions.

2  **5)** **Amendment of Pleadings**

3  Cisco is not currently aware of any anticipated amendment of the pleadings.

4  **6)** **Evidence Preservation**

5  Cisco is retaining and preserving the documents and electronic evidence related to the
6  Action.

7  **7)** **Disclosures**

8  The Parties to the original Complaint held the Rule 26(f) conference and agreed that
9  exchange of initial disclosures was premature, given the potential stay of the case due to the
10 related criminal matter.  Accordingly, the Parties to the original Complaint agreed to hold initial
11 disclosures in abeyance, pending determination of whether the case would be stayed.  Since then,
12 there have been a number of continuances of status conferences in the related criminal matter.
13 However, given the recent addition of a number of new Defendants, who are not parties in the
14 related criminal matter, Cisco believes that it may make sense for at least the Defendants not
15 involved in the related criminal matter and Cisco to provide initial disclosures within 30 days of
16 the case management conference.

17 **8)** **Discovery**

18 The Parties to the original Complaint held the Rule 26(f) conference and believed that a
19 discovery plan was premature, given the potential stay of the case due to the related criminal
20 matter.  Accordingly, the Parties to the original Complaint agreed to hold the need for a discovery
21 plan in abeyance, pending determination of whether the case would be stayed.  However, given the
22 recent addition of a number of new Defendants, who are not parties in the related criminal matter,
23 Cisco believes that it may make sense for at least the Defendants not involved in the related
24 criminal matter to meet and confer with Cisco and present the Court with a proposed discovery
25 plan within 60 days of the case management conference.

26 **9)** **Class Actions**

27 Not applicable.

28

**10) Related Cases**

As described above, on May 13, 2014, the Court granted Cisco's Motion to Relate Cases, finding that Case No. CR 13-00486-EJD, *USA v. Cuong Cao Dang, et.al* and Case No. CV 14-01789-JCS, *Cisco Systems, Inc., et.al v. Cuong Cao Dang, et.al* are related as defined by Crim. L.R. 8-1(b).

**11) Relief**

<u>Cisco's Requested Relief</u>: Cisco seeks the following relief through this Action.

1. A judgment that Defendants directly infringed and counterfeited the Cisco Marks, and engaged in unfair competition through use of their counterfeit and/or infringing marks;

2. A judgment that Defendants' trademark infringement and counterfeiting were knowing and willful and committed with bad faith and intent to deceive and that this case is exceptional under 15 U.S.C. § 1117(a);

3. An order freezing the Defendants' assets, specifically declaring that Defendants hold in trust, as constructive trustees for the benefit of Cisco, the allegedly ill-gotten gains obtained from the sale of counterfeit and stolen Cisco products, and all additional property and money allegedly purchased or obtained as a result of the ill-gotten gains;

4. That the Court appoint a receiver to collect rents and profits from the real properties, both commercial and residential, that were purchased by Defendants using the allegedly ill-gotten gains obtained from the sale of counterfeit and stolen Cisco products, so that they may be preserved during the pendency of this action;

5. That Cisco be awarded actual damages and Defendants' profit, treble damages, statutory damages, punitive damages, full restitution, an increased award as provided for under 15 U.S.C. § 1117, prejudgment interest, and reasonable attorneys' fees and costs;

6. That the Court order Defendants to provide a full accounting, as necessary to establish the damages, profits and/or restitution to be awarded to Cisco above; and,

7. That the Court permanently enjoin Defendants from any further acquisition, possession, purchase, sale, or use of any counterfeit and/or infringing Cisco products.

**12) Settlement and ADR**

The Parties have held a number of ADR phone conferences set by the Court. Further, Cisco and the Dang Defendants, as well as Defendants Tri Cao Dang and Vu Van Le, have entered into a confidential settlement agreement to resolve this matter as to them. Cisco continues to have discussions with numerous other Defendants in this regard.

**13) Consent to Magistrate Judge For All Purposes**

The Parties have not consented to the assignment of this matter to a Magistrate.

**14) Other References**

Cisco is not aware of any other references that would be appropriate here.

**15) Narrowing of Issues**

Other than the above, Cisco is not aware of any issues that can be narrowed at this point.

**16) Expedited Schedule**

Cisco does not believe this case can be handled on an expedited basis.

**17) Scheduling**

As described above, Cisco believe that further scheduling and discovery may appropriately proceed at least as to the Defendants who are not currently involved in the related criminal matter.

**18) Trial**

No trial date has been set. Cisco estimates a 10 day jury trial.

**19) Disclosure of Non-party Interested Entities or Persons**

Cisco has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16 and certify that, to the extent listed in those filings, the persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non- financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.

/ / / /

/ / / /

**20) Other matters that may facilitate a just, speedy and inexpensive disposition**

Cisco is not aware of any other matters that may facilitate a just, speedy and inexpensive disposition, other than as described above.

Respectfully submitted,

DATED: November 12, 2015                SIDEMAN & BANCROFT LLP

By: */s/ Zachary J. Alinder*
Zachary J. Alinder
SIDEMAN & BANCROFT LLP

*Attorneys for Plaintiffs*
CISCO SYSTEMS, INC. and CISCO TECHNOLOGY, INC.