UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CUONG CAO DANG, et al.,<br><br>　　　　Defendants. | Case No. 5:14-cv-01789-EJD<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 137 |

　　　　Plaintiffs Cisco Systems, Inc. and Cisco Technology, Inc. (collectively, "Cisco") allege in this action that, from January, 2006, through January, 2013, several individuals and other entities engaged in a conspiracy to buy stolen products and confidential information from Cisco employees and then resell those products to brokers and other resellers. Cisco asserts nine causes of action against these defendants in an Amended Complaint ("AC") filed on September 10, 2015, including trademark infringement, counterfeiting and dilution; unfair competition; and violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq.

　　　　Federal jurisdiction arises pursuant to 28 U.S.C. § 1331. One of the individual defendants, Duyen Pham ("Pham"), now moves to dismiss the AC pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 137. Cisco opposes the motion. Having carefully considered the pleadings filed by the parties, the court finds, concludes and orders as follows:

　　　　1.　　On a Rule 12(b)(6) motion to dismiss for failure to state a claim, the complaint is construed in the light most favorable to the non-moving party, and all material allegations in the complaint are taken to be true. Sanders v. Kennedy, 794 F.2d 478, 481 (9th Cir. 1986). The alleged facts "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556-57 (2007).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). Instead, the requisite threshold is reached when the complaint contains sufficient facts to allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 678.

2. In addition to the complaint itself, the court may "'take judicial notice of matters of public record' and consider them without converting a Rule 12 motion into one for summary judgment." United States v. 14.02 Acres, 547 F.3d 943, 955 (9th Cir. 2008) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001)). The court may also account for "unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." United States ex rel. Lee v. Corinthian Colleges, 655 F.3d 984, 999 (9th Cir. 2011).

3. Pham's motion challenges the AC on two grounds. First, he contends the claims made against him are speculative because he continued to work for Cisco after the alleged commencement of the conspiracy. He urges on that basis that "[w]hatever suspicion Cisco might have had, or grounds upon which the Complaint could be based, occurred in 2006," and would have dissipated by the conclusion of his employment in 2007. But as Cisco points out, the court cannot consider Pham's assertion of additional facts, such as those pertaining to his period of employment, which are neither subject to judicial notice nor contained in evidence upon which the AC necessarily relies. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); see also Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001) ("[E]xtraneous evidence should not be considered in ruling on a motion to dismiss."). And even if it did consider the additional facts, the court still could not draw from them the same inference that Pham does because it must draw all inferences in favor of Cisco, not Pham. See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014) (providing the court must "draw all reasonable inferences in favor of the nonmoving party" for a Rule 12(b)(6) motion). Accordingly, this argument fails.

4. Second, Pham argues the claims against him are barred by the statute of limitations. "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980). Here, the AC contains sufficient factual allegations that, if true, could prove that any statute of limitations should be tolled in Cisco's favor, either because of the discovery rule or because of the defendants' fraudulent concealment. See Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 808 (2005) (explaining the discovery rule in California will toll a statute of limitations if plaintiff pleads the time and manner of discovery and the inability to have made earlier discovery despite reasonable diligence); see also Hennegan v. Pacifico Creative Serv., Inc., 787 F.2d 1299, 1302 (9th Cir. Apr. 17, 1986) ("Under the equitable doctrine of fraudulent concealment . . . the statute of limitations for a cause of action is tolled if the plaintiff proves that the defendant fraudulently concealed the existence of the cause of action so that the plaintiff, acting as a reasonable person, did not know of its existence."). Indeed, all of Cisco's claims arise out of a purported scheme to deal in counterfeit products which was purposely concealed from Cisco by the defendants. And as to Pham specifically, the AC reveals that Cisco only learned of his alleged involvement after this case was initiated. Thus, the claims against Pham are not subject to dismissal as untimely, at least at this time.

In sum, the AC is not defective for the reasons asserted in Pham's motion. Because the arguments under Rule 12(b)(6) are each unpersuasive, the motion to dismiss is DENIED.

**IT IS SO ORDERED.**

Dated: April 22, 2016

EDWARD J. DAVILA
United States District Judge

Case No.: 5:14-cv-01789-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS

3