UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>LOC XUAN HOANG, et al.,<br><br>　　　　　Defendants. | Case No. 5:14-cv-01789-EJD<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STAY**<br><br>Re: Dkt. No. 166 |

In this civil action, Plaintiffs Cisco Systems, Inc. and Cisco Technology, Inc. (collectively, "Cisco") allege that, from January, 2006, through January, 2013, several individuals and other entities engaged in a conspiracy to buy stolen products and confidential information from Cisco employees and then resell those products to brokers and other resellers. Cisco asserts nine causes of action against these individuals in an Amended Complaint ("AC") filed on September 10, 2015, including claims for trademark infringement, counterfeiting and dilution; unfair competition; and violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1331. Presently before the court is Defendant Vu Nguyen's ("Nguyen") motion to either stay the action against him or stay discovery in light of a related criminal case also pending in this court, namely United States v. Dang, 5:13-cv-00486-EJD (the "Criminal Case"). Dkt. No. 166. Cisco opposes the motion. Having carefully considered the pleadings filed by the parties, the court finds, concludes and orders as follows:

1.　The district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).

1

Case No.: 5:14-cv-01789-EJD
ORDER DENYING DEFENDANT'S MOTION TO STAY

1. Using this power, one case may be stayed in favor of another. Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863-64 (9th Cir. 1997) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.").

2. Notably, "[t]he Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995). Instead, "[t]he decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made 'in light of the particular circumstances and competing interests involved in the case.'" Id. (quoting Fed. Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902 (9th Cir. 1989)). Absent some form of substantial prejudice to the rights of the parties, civil and criminal proceedings can continue simultaneously. Id.

3. To determine whether substantial prejudice exists, the court must consider the extent to which the a criminal defendant's Fifth Amendment rights are implicated by the civil proceeding, as well as the following factors: "(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation." Id. at 324-25. "The proponent of a stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 708 (9th Cir. 1997).

4. Nguyen contends this case significantly implicates his Fifth Amendment rights. To that end, Nguyen argues that requiring him to respond to the AC or to participate in discovery related to it will force him to choose between revealing information which might implicate him in

the Criminal Case or refusing to respond and possibly suffering a default judgment.  However, Nguyen was not indicted and has not been named a defendant in the Criminal Case.  Thus, while Nguyen's privilege is certainly not negligible given the factual overlap between this case and the Criminal Case, his position is nonetheless "'a far weaker one'" when it comes to the implication of any Fifth Amendment privilege.  <u>Molinaro</u>, 889 F.2d at 903; <u>eBay, Inc. v. Digital Point Solutions, Inc.</u>, No. C 08-4052 JF (PVT), 2010 U.S. Dist. LEXIS 23253, at *10, 2010 WL 702463 (N.D. Cal. Feb. 25, 2010) (recognizing that the interest of an unindicted civil defendant is "more remote" that that of an indicted civil defendant).  That Nguyen may need to choose between participating in this action and invoking his Fifth Amendment privilege does not make his interest any stronger.  See <u>Keating</u>, 45 F.3d at 326 (observing that a "defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege," even if the assertion results in adverse inferences before the trier of fact).

5.  Cisco's interest in expeditiously proceeding with this action and preventing further delay is strong.  As some defendants have already admitted, Cisco was the victim of a scheme to steal its products and deprive it of profits.  Fraud victims like Cisco "are at great risk if they do not promptly and diligently act to protect themselves as soon as they have reason to believe they have been defrauded."  <u>IBM Corp. v. Brown</u>, 857 F. Supp. 1384, 1391 (C.D. Cal. 1994).  This is so for several reasons, some of which include the defrauder's ability to flee or dispose of fraudulently-obtained property and the victim's inability to use traditional methods of preserving assets pending the resolution of litigation.  <u>Id</u>.  To be sure, "the passage of time increases the risk of further depletion of any assets remaining to satisfy a possible judgment."  <u>Id</u>.  Here, these types of concerns are not simply hypothetical since at least two of the scheme's participants cannot be located and are believed to have fled.  Cisco's contention that a stay may cause it further prejudice in this regard is therefore credible.

6.  Furthermore, imposing either form of stay proposed by Nguyen would prevent Cisco from preserving and obtaining evidence related to its allegations against the unindicted civil defendants and would frustrate its ability to bring claims against unknown individuals before the

3
Case No.: 5:14-cv-01789-EJD
ORDER DENYING DEFENDANT'S MOTION TO STAY

expiration of the statute of limitations.  As time passes, evidence disappears, witnesses become more difficult to track down, and memories of events that occurred years prior become less acute. See SEC v. Dresser Indus., Inc., 628 F.2d 1368, 1377 (D.C. Cir. 1980) ("If Justice moves too slowly the statute of limitations may run, witnesses may die or move away, memories may fade, or enforcement resources may be diverted."); see also Sw. Marine, Inc. v. Triple A Machine Shop, Inc., 720 F. Supp. 805, 809 (N.D. Cal. 1989).  This issue is particularly compelling for this case - which has already been pending for over two years without disclosures or discovery having been exchanged - because, if stayed, it would be unknown when discovery could eventually proceed. Since there is no specific timeline for the conclusion of the Criminal Case or the expiration of the limitations period for charges against Nguyen, the abatement of this action would be indefinite, at least initially.  These circumstances weigh against a stay.

7.  The burden on Nguyen does not shift the balance in his favor.  In a declaration submitted with the reply, Nguyen's counsel states "[t]t will be a considerable legal burden, and thus a financial burden, on [Nguyen,] if he has to respond to the First Amended Complaint herein or to potential discovery to him, due to the pendency of the criminal prosecution."  But Nguyen's counsel does not go on to describe any burden uniquely or unusually imposed because of the Criminal Case.  Responding to pleadings in the most advantageous way is an exercise undertaken by all civil defendants, as is incurring fees for an attorney to assist in that effort.  Accordingly, the court finds Nguyen's argument unpersuasive.

8.  Similarly, consideration of the third Keating factor does not favor a stay.  "The Court has an interest in managing its cases efficiently."  eBay, 2010 U.S. Dist. LEXIS 23253, at *17.  Without doubt, a stay imposed for an unknown duration in a case that is already two years old frustrates the court's ability to efficiently manage its docket and assist in bringing resolution to already aged claims.  And to the extent it is relevant, the fourth Keating factor requiring consideration of third-party interests weighs against a stay.  As Cisco points out, delaying resolution may cause harm to third parties who purchase counterfeit or stolen products without knowing the products are not endorsed by Cisco.

9. As to the fifth factor, the court observes the public has an interest in the "speedy resolution" of controversies. Keating, 45 F.3d at 326. Although this interest sometimes invests precedence in criminal actions over civil ones, the court is satisfied that allowing this case to continue unabated will do no harm to the integrity of the Criminal Action. Nguyen does not argue otherwise.

Having undertaken the relevant analysis, the court concludes that Nguyen has not satisfied his burden to show substantial prejudice. Nor has he persuasively reasoned why he should be exempt from discovery at this time, especially when his "Fifth Amendment rights can be protected through less drastic means, such as asserting the privilege on a question-by-question basis." ESG Capital Partners LP v. Stratos, 22 F. Supp. 3d 1042, 1045-46 (C.D. Cal. 2014).

Consequently, the motion to stay is DENIED.

**IT IS SO ORDERED.**

Dated:  May 20, 2016

_____
EDWARD J. DAVILA
United States District Judge