JEFFREY C. HALLAM (State Bar No. 161259)
E-Mail: *jhallam@sideman.com*
ZACHARY J. ALINDER (State Bar No. 209009)
E-Mail: *zalinder@sideman.com*
NICHOLAS M. COSTANZA (State Bar No. 306749)
E-Mail: *ncostanza@sideman.com*
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone: (415) 392-1960
Facsimile: (415) 392-0827

Attorneys for Plaintiffs
Cisco Systems, Inc. and Cisco Technology, Inc.

[*Additional counsel listed on signature page*]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CISCO SYSTEMS, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>LOC XUAN HOANG, *et al.*,<br><br>Defendants. | CASE NO: 3:14-cv-01789-EJD (NMC)<br><br>**FURTHER JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: September 1, 2016<br>Time: 10:00 AM<br>Courtroom: 4, 5th Floor<br>Judge: Hon. Edward J. Davila |

Pursuant to the Court's February 19, 2016 Case Management Order ("February 19 Order"), Plaintiffs Cisco Systems, Inc. and Cisco Technology, Inc. (together "Cisco" or "Plaintiffs") and Defendants AH Technology Solutions Corp. ("AHT"), Frank Nguyen, Duyen Pham, Kenneth Tam, Hung La, and Vothia Nong aka Tyler Chen (collectively "Defendants" and together with Cisco, the "Parties")[1] hereby respectfully submit the following Further Joint Case Management Conference Statement.

**1) Jurisdiction and Service**

The Parties are not aware of any jurisdiction or service issues.

**2) Statement of Facts**

<u>Cisco's Statement of Facts</u>. On April 17, 2014, Cisco filed its original Complaint against Defendants Cuong Cao Dang, a/k/a "Calvin" Dang, Network Genesis, Inc., The Dang's Investment, Inc., The Dang's Investment Group, Inc., Ace Laundromat, Inc., Ly Thi Be Le, The Cuong Cao Dang & Ly Thi Be Le Living Trust (together the "Dang Defendants"), as well as Loc Xuan Hoang, Hieu Nguyen, and Does 1-50 (the "Action"). *See* Complaint, ECF No. 1. Based on documents and information learned through the course of informal discovery in this Action, Cisco amended its Complaint on September 10, 2015, adding 18 new Defendants. *See* First Amended Complaint ("FAC"), ECF No. 60. Through this Action, Cisco seeks full recovery from each of the Defendants for the damages and harm caused by their involvement in the alleged counterfeit and stolen goods ring. *See* FAC, ¶¶ 30-39. The FAC alleges claims for relief for (1) federal trademark infringement in violation of 15 U.S.C. §1114; (2) federal trademark counterfeiting in violation of 15 U.S.C. §1114; (3) federal unfair competition in violation of 15 U.S.C. §1125; (4) federal trademark dilution in violation of 15 U.S.C. §1125; (5) acts in violation of RICO (18 U.S.C. §§1961 *et seq.*; (6) California common law trademark infringement and dilution; (7) unfair

---

[1] As of the time of the filing, Cisco had not received e-filing authorization from any other Defendants.

business practices in violation of Cal. Bus. & Prof. Code §§14245 and 14247; and (8) unfair business practices in violation of Ca. Bus. & Prof. Code §§17200 *et seq.* (the "Claims for Relief").

The Dang Defendants, including Defendants Cuong Cao Dang, a/k/a "Calvin" Dang ("Dang"), Network Genesis, Inc., The Dang's Investment, Inc., The Dang's Investment Group, Inc., Ace Laundromat, Inc., Ly Thi Be Le, The Cuong Cao Dang & Ly Thi Be Le Living Trust, have stipulated to entry of judgment against them, which was filed and entered by the Court on November 3, 2015. *See* ECF No. 147. This also resolved the Action as to Tri Cao Dang and Vu Van Le, who have been dismissed from the Action. Cisco has also resolved the Action as to Thuy Nguyen and Long Pham and filed a stipulated final judgment for both Defendatns. *See* ECF No. 221. Cisco has also resolved the Action as to Tom Hoang and has voluntarily dismissed him from the Action. Finally, the preliminary settlement conference as to Defendants AH Technology Solutions Corp. ("AHT"), Frank Nguyen, Duyen Pham, Hung La, Vu Nguyen, and Vothia Nong aka Tyler Chen was held earlier today. Cisco agreed to put off settlement discussions with Loc Xuan Hoang, to allow him to prepare and present information on his financial status with the probation department. Cisco and Kenneth Tam previously mediated and agreed to put off further mediation until mid-October to allow further progress to be made. The Parties filed a Joint Status Report re Settlement on August 11, 2016, ECF No. 220, and will provide further updates regarding settlement progress, as that occurs.

Defendants' AHT and Frank Nguyen, Statement of Facts:

Defendant Frank Nguyen is the principal of AHT. AHT is a network equipment reseller that supplies its customers with new and used network routers, switches, security appliances, wireless products and many other technology driven devices. AHT purchases most of its equipment from business to business websites at a discount. AHT also purchases used and/or lease products and then resells them to its customers to lower the cost to upgrade the client's network infrastructure.

Defendants AHT and Frank Nguyen deny Plaintiff's allegation that they knowingly purchased "modified, counterfeit and/or stolen CISCO products." Defendant AHT contends they

2835-148\2997047 2 Case No. 3:14-cv-01789-EJD
FURTHER JOINT CASE MANAGEMENT CONFERENCE STATEMENT

followed their normal business practices that they have followed for years in purchasing used networking products and were not involved or aware of the purported thefts of CISCO products by CISCO's own employees. AHT purchased its products through legitimate business means and if the products that they purchased were through such means, then AHT was completely unaware of such illicit activities.

<u>Defendant Duyen Pham's Statement of Facts</u>: Duyen Pham worked for Cisco between 1996 and 2007 as a repair technician. In 2006, Cisco suspended Pham's employment and called Pham into the human resource office to view a surveillance video, which shows Pham leaving Cisco facility with a co-worker (also a defendant in this case, Vothia Nong). Pham was asked if he knew why Mr. Nong's backpack was unusually full. Pham responded in the negative and the investigation continued a few more days. Thereafter, Cisco FULLY reinstated Pham's employment with no further incident. Pham continued to work for Cisco a few more months but due to the hostile environment, Pham quit and moved on to another employment in early 2007. Pham has no other contact with Cisco since 2007.

<u>Defendant Kenneth Tam's Statement</u>: Defendant Kenneth Tam has filed his answer to the Complaint denying his involvement in the wrongful conduct alleged by Cisco.

<u>Defendant Hung La's Statement</u>: Defendant Hung La has not been informed of the factual basis upon which he was named in this civil action. He was a former co-worker of some of the Defendants during the relevant time period.

<u>Defendant Vothia Nong aka Tyler Chen's Statement</u>: Defendant Vothia Nong aka Tyler Chen has filed his answer to the Complaint denying his involvement in the wrongful conduct alleged by Cisco.

**3) Legal Issues**

In this action, Cisco asserts Claims for Relief, including for violations of the Lanham Act, RICO, and other state and federal unfair business practices. Other than as set forth in the Motions section below, the primary legal issues are whether Defendants are liable to Cisco for these Claims for Relief or whether any Defendant can establish a legal or factual defense to them.

2835-148\2997047                                      3                          Case No. 3:14-cv-01789-EJD
FURTHER JOINT CASE MANAGEMENT CONFERENCE STATEMENT

**1  4) Motions**

2  a) <u>Prior Motions</u> – The initial set of Defendants answered the Complaint, and Cisco

3  thereafter filed a Motion to Relate this civil case to the underlying criminal action. The Court

4  granted Cisco's Motion to Relate the cases on May 13, 2014. In addition, Cisco filed a Motion for

5  Appointment of a Receiver and a Renewed Motion for Appointment of Receiver, which were both

6  deemed withdrawn when the Court entered related Stipulated Orders agreed to between Cisco and

7  the Dang Defendants.

8  After Cisco's filing of the FAC, Defendant Duyen Pham filed a Motion to Dismiss the

9  FAC ("Motion to Dismiss") on October 26, 2015, which was set for hearing on March 31, 2016.

10  *See* ECF No. 137. Cisco filed its Opposition to Defendant Duyen Pham's Motion to Dismiss on

11  November 9, 2016, the Clerk of Court issued a notice to take Defendant Pham's Motion to

12  Dismiss under submission without oral argument on March 23, 2016, and the Court denied the

13  Motion to Dismiss on April 22, 2016. *See* ECF Nos. 198 & 200.

14  On December 21, 2015, Defendant Vu Nguyen filed a Motion to Stay, Cisco filed its

15  Opposition to the Motion to Stay on January 29, 2016, and Defendant Vu Nguyen filed his reply

16  to Cisco's Opposition to the Motion to Stay on February 19, 2016. *See* ECF Nos. 166, 184, &

17  193. On April 25, 2016, the Clerk of Court issued a notice to take Defendant Nguyen's Motion to

18  Stay under submission without oral argument. The Court denied Defendant Nguyen's Motion to

19  Stay on May 20, 2016.

20  b) <u>Upcoming Motions</u> – Defendant Vu Nguyen filed a motion for more definite statement.

21  That is set for hearing on October 27, 2016. Cisco's Opposition is due on September 8, 2016, and

22  Mr. Nguyen's Reply is due October 14, 2016. At an appropriate time, Cisco also expects to file a

23  Motion for Default Judgment against the set of Defendants, as to whom the Court has entered

24  default.

**25  5) Amendment of Pleadings**

26  <u>Cisco's Statement</u>: Cisco is not currently aware of any anticipated amendment of the

27  pleadings.

28

Defendants' AHT and Frank Nguyen Statement: Defendants AHT and Frank Nguyen are not aware of any anticipated amendment pleadings at this time.

**6) Evidence Preservation**

Cisco's Statement: Cisco is retaining and preserving the documents and electronic evidence related to the Action.

Defendants', AHT and Frank Nguyen, Statement: Defendants AHT and Frank Nguyen is retaining and preserving the documents but is not aware of any electronic evidence related to the Action.

Defendant Kenneth Tam's Statement: Defendant Kenneth Tam has preserved evidence related to the action as required.

**7) Disclosures**

Pursuant to the Court's February 19 Order, initial disclosures were to be served by March 21, 2016. Plaintiffs and Defendants Hung La, AHT, Frank Nguyen, and Duyen Pham have served initial disclosures. Defendant Vu Nguyen and Vothia Nong both latered served their initial disclosures as well.

**8) Discovery**

The Parties entered into a Stipulated Protective Order, which the Court granted on March 23, 2016, that protects and limits the confidential information disclosed in this Action. *See* ECF. No. 197. Further, On April 19, 2016, a number of the Parties filed a Joint Discovery Plan pursuant to Fed. R. Civ. P. Rule 26(f)(3) following a meet and confer teleconference on April 13, 2016. *See* ECF No. 199. In the Joint Discovery Plan, those same Parties addressed initial disclosures, subjects of discovery, whether discovery need be phased or limited, rules regarding disclosure of electronically stored information, claims of privilege, and additional matters covered in Fed. R. Civ. P. Rule 26(f)(3). At this time, discovery is open and proceeding as to all Parties.

Defendant Vothia Nong has reviewed the Stipulated Protective Order – ECF. No. 197 – and the Joint Discovery Plan – ECF. No. 199 and has agreed to be bound by the terms of these two

1 documents.

**9) Class Actions**

Not applicable.

**10) Related Cases**

On May 13, 2014, the Court granted Cisco's Motion to Relate Cases, finding that Case No. CR 13-00486-EJD, *USA v. Cuong Cao Dang, et.al* and Case No. CV 14-01789-JCS, *Cisco Systems, Inc., et.al v. Cuong Cao Dang, et.al* are related as defined by Crim. L.R. 8-1(b).

**11) Relief**

<u>Cisco's Requested Relief</u>: Cisco seeks the following relief through this Action.

1. A judgment that Defendants directly infringed and counterfeited the Cisco Marks, and engaged in unfair competition through use of their counterfeit and/or infringing marks;

2. A judgment that Defendants' trademark infringement and counterfeiting were knowing and willful and committed with bad faith and intent to deceive and that this case is exceptional under 15 U.S.C. § 1117(a);

3. An order freezing the Defendants' assets, specifically declaring that Defendants hold in trust, as constructive trustees for the benefit of Cisco, the allegedly ill-gotten gains obtained from the sale of counterfeit and stolen Cisco products, and all additional property and money allegedly purchased or obtained as a result of the ill-gotten gains;

4. That the Court appoint a receiver to collect rents and profits from the real properties, both commercial and residential, that were purchased by Defendants using the allegedly ill-gotten gains obtained from the sale of counterfeit and stolen Cisco products, so that they may be preserved during the pendency of this action;

5. That Cisco be awarded actual damages and Defendants' profit, treble damages, statutory damages, punitive damages, full restitution, an increased award as provided for under 15 U.S.C. § 1117, prejudgment interest, and reasonable attorneys' fees and costs;

6. That the Court order Defendants to provide a full accounting, as necessary to establish the damages, profits and/or restitution to be awarded to Cisco above; and,

**1**     7.     That the Court permanently enjoin Defendants from any further acquisition,

**2** possession, purchase, sale, or use of any counterfeit and/or infringing Cisco products.

**3**     <u>Defendants', AHT and Frank Nguyen, Requested Relief</u>: Judgment in favor of Defendants

**4** AHT and Frank Nguyen and that recoverable costs be awarded to Defendants.

**5**     <u>Defendant Duyen Pham's Requested Relief</u>: Defendant Duyen Pham be awarded

**6** attorney's fees and costs defending this action.

**7**     <u>Defendant Hung La's Requested Relief</u>: Defendant Hung La seeks a dismissal of claims

**8** against him and recovery of costs.

**9** **12)     Settlement and ADR**

**10**     <u>Cisco's Statement</u>: The Parties have held a number of ADR phone conferences set by the

**11** Court. Further, Cisco has resolved the Action as to the Dang Defendants, Tri Cao Dang, Vu Van

**12** Le, Thuy Nguyen, Long Pham, and Tom Hoang. Cisco and Kenneth Tam engaged in private

**13** mediation at JAMS in June 2016, which was unsuccessful. Cisco continues to have informal

**14** settlement discussions with a number of other Defendants as well. Further, the preliminary

**15** settlement conference with Magistrate Judge Cousins was held on August 25, 2016 as to

**16** Defendants AHT, Frank Nguyen, Duyen Pham, Hung La, Vu Nguyen, and Vothia Nong aka Tyler

**17** Chen.

**18**     <u>Defendants' AHT and Frank Nguyen, Statement</u>: The preliminary settlement conference

**19** with Magistrate Judge Cousins was held on August 25, 2016 as to Defendants AHT, Frank

**20** Nguyen, Duyen Pham, Hung La, Vu Nguyen, and Vothia Nong aka Tyler Chen.

**21**     <u>Defendant Duyen Pham's Statement</u>: The preliminary settlement conference with

**22** Magistrate Judge Cousins was held on August 25, 2016 as to Defendants AHT, Frank Nguyen,

**23** Duyen Pham, Hung La, Vu Nguyen, and Vothia Nong aka Tyler Chen.

**24**     <u>Defendant Hung La's Statement</u>: The preliminary settlement conference with Magistrate

**25** Judge Cousins was held on August 25, 2016 as to Defendants AHT, Frank Nguyen, Duyen Pham,

**26** Hung La, Vu Nguyen, and Vothia Nong aka Tyler Chen.

**27**     <u>Defendant Vothia Nong's Statement</u>: The preliminary settlement conference with

**28**

2835-148\2997047                                      7                                  Case No. 3:14-cv-01789-EJD
FURTHER JOINT CASE MANAGEMENT CONFERENCE STATEMENT

Magistrate Judge Cousins was held on August 25, 2016 as to Defendants AHT, Frank Nguyen, Duyen Pham, Hung La, Vu Nguyen, and Vothia Nong aka Tyler Chen.

**13) Consent to Magistrate Judge For All Purposes**

The Parties have not consented to the assignment of this matter to a Magistrate.

**14) Other References**

The Parties are not aware of any other references that would be appropriate here.

**15) Narrowing of Issues**

<u>Cisco's Statement</u>: Other than the above, Cisco is not aware of any issues that can be narrowed at this point.

<u>Defendant Kenneth Tam's Statement</u>: Defendant Kenneth Tam concurs.

<u>Defendant Hung La's Statement</u>: Defendant Hung La is not aware of further issue narrowing at this time.

<u>Defendant Duyen Pham's Statement</u>: Defendant requests that the Complaint be dismissed or in the alternative, Plaintiff is required to state facts sufficient to constitute a cause of action against this defendant. In the FAC, Plaintiffs describe the government investigation, and the indictment of other defendants, and detailed business transactions among the few defendants who were indicted. However, the ONLY allegations made against the moving party Duyen Pham are found in paragraphs 32 and 33 as follows:

(1) Between January 2006 and January 2013, the indicted defendant DANG bough stolen CISCO products and confidential information from nine former employees (one of whom is the moving party DUYEN PHAM). [paragraph 32]

(2) Nine former employees (including DUYEN PHAM) sold stolen CISCO products to the indicted employee DANG and/or provided confidential information and services to DANG in violation of their employment agreements with CISCO and in violation of California and Federal law.

1 No other allegations pertaining to this defendant, Duyen Pham were found; nor any allegations addressing the statute of limitation issue since the last time this defendant Duyen Pham worked for Cisco was 2008.

**16) Expedited Schedule**

Cisco's Statement: Cisco does not believe this case can be handled on an expedited basis.

Defendants' AHT and Frank Nguyen, Statement: Defendants concur that this case cannot be handled on an expedited basis.

Defendant Kenneth Tam's Statement: Defendant Kenneth Tam concurs that this case cannot be handled on an expedited basis.

Defendant Hung La's Statement: Defendant Hung La seeks a standard schedule for this case.

Defendant Duyen Pham's Statement: It would be financially burdensome for this defendant to be dragged through litigation with other defendants without specific allegations being alleged.

**17) Scheduling**

Cisco's Statement: Cisco is not aware of any additional scheduling matters for the Court to consider.

Defendants' AHT and Frank Nguyen, Statement: Defendants maintain that the case is not ready to proceed as key witnesses may not be available to testify and/or documents not be available due to ongoing investigation and charges brought against the other defendants.

Defendant Kenneth Tam's Statement: Defendant Kenneth Tam believes that further scheduling and a discovery plan should be proposed once all of the Parties have appeared in the Action and all motions have been decided.

Defendant Hung La's Statement: Defendant Hung La expects that a dispositive motion may become necessary after initial disclosures.

**18) Trial**

Cisco's Statement: No trial date has been set. Cisco estimates a 15 day jury trial.

Defendants' AHT and Frank Nguyen, Statement: Defendants maintain that the case should not be set for trial as the case is yet to be at issue. Defendants believe that with the number of defendants, this would be a 30 day jury trial.

Defendant Duyen Pham's Statement: It would be financially burdensome to this defendant to be dragged through litigation with other defendants without specific allegations being alleged.

Defendant Kenneth Tam's Statement: At this early stage in the case, Defendant Kenneth Tam estimates a 20 day trial.

Defendant Hung La's Statement: Defendant Hung La agrees with Cisco's trial estimate.

**19) Disclosure of Non-party Interested Entities or Persons**

Cisco's Statement: Cisco has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16 and certify that, to the extent listed in those filings, the persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non- financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.

Defendants' AHT and Frank Nguyen, Statement: Defendants have complied with the local rules requiring disclosure.

Defendant Hung La's Statement: Defendant Hung La does not have any interested entities or persons to disclose.

**20) Other matters that may facilitate a just, speedy and inexpensive disposition**

Cisco's Statement: Cisco is not aware of any other matters that may facilitate a just, speedy and inexpensive disposition, other than as described above.

Defendants' AHT and Frank Nguyen, Statement: Defendants are not aware of any other matters that may facilitate a just, speedy and inexpensive disposition, other than as described above.

Defendant Hung La's Statement: Defendant Hung La requests that the matter proceed as soon as the criminal matter is concluded so he can challenge the alleged basis for his liability.

Respectfully submitted,

DATED: August 25, 2016            SIDEMAN & BANCROFT LLP

By:    */s/ Zachary J. Alinder*
       Zachary J. Alinder
     SIDEMAN & BANCROFT LLP

*Attorneys for Plaintiffs*
CISCO SYSTEMS, INC. and CISCO TECHNOLOGY, INC.

DATED: August 25, 2016            GILBERT & NGUYEN

By:    */s/ Jonathan T. Nguyen*
     Jonathan T. Nguyen, Esq.
       GILBERT & NGUYEN

*Attorneys for Defendant*
DUYEN PHAM

DATED: August 25, 2016            LAW OFFICES OF MICHAEL G.W. LEE

By:    */s/ Michael G.W. Lee*
       Michael G.W. Lee
   LAW OFFICES OF MICHAEL G.W. LEE

*Attorneys for Defendant*
KENNETH TAM

DATED: August 25, 2016            JACHIMOWICZ POINTER & EMANUEL

By:    */s/ Joel P. Waelty*
       Joel P. Waelty
  Email: jwaelty@hinklelaw.com

*Attorneys for Defendant*
HUNG LA

| | | |
|---|---|---|
| DATED: August 25, 2016 | | ARDENT LAW GROUP |
| | By: | */s/ Hubert Kuo* |
| | | Hubert Kuo |
| | | Attorneys for Defendants Frank Nguyen and AH Technology Solutions Corp. |
| DATED: August 25, 2016 | | LAW OFFICES OF DUONG SI TRAN |
| | By: | */s/ Duong Si Tran* |
| | | Duong Si Tran |
| | | Attorney for Defendant Vothia Nong |

### ECF ATTESTATION

I, Zachary J. Alinder, attest that concurrence in e-filing this **FURTHER JOINT CASE MANAGEMENT CONFERENCE STATEMENT** has been obtained from the signatories above, in compliance with Civil L.R. 5.1.

| | | |
|---|---|---|
| DATED: August 25, 2016 | | SIDEMAN & BANCROFT LLP |
| | By: | */s/ Zachary J. Alinder* |
| | | Zachary J. Alinder |
| | | SIDEMAN & BANCROFT LLP |
| | | *Attorneys for Plaintiffs* |
| | | CISCO SYSTEMS, INC. and CISCO TECHNOLOGY, INC. |