UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>LOC XUAN HOANG, et al.,<br><br>　　　　　Defendants. | Case No. 5:14-cv-01789-EJD<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT**<br><br>Re: Dkt. No. 217 |

　　　　Plaintiffs Cisco Systems, Inc. and Cisco Technology, Inc. (collectively, "Cisco") allege in this action that, from January, 2006, through January, 2013, several individuals and other entities engaged in a conspiracy to buy stolen products and confidential information from Cisco employees and then resell those products to brokers and other resellers. Cisco asserts nine causes of action against these individuals in an Amended Complaint ("AC") filed on September 10, 2015, including claims for trademark infringement, counterfeiting and dilution; unfair competition; and violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq. Dkt. No. 60.

　　　　Federal jurisdiction arises pursuant to 28 U.S.C. § 1331. Presently before the court is Defendant Vu Nguyen's ("Nguyen") motion for a more definite statement under Federal Rule of Civil Procedure 12(e). Dkt. No. 217. Cisco opposes the motion. This matter is suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b), and the hearing scheduled for October 27, 2016, is VACATED.

　　　　Having carefully considered the pleadings filed by the parties, the court finds, concludes and orders as follows:

　　　　1.　　Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations

1

Case No.: 5:14-cv-01789-EJD
ORDER DENYING DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT

omitted). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Id. at 556-57. But Rule 8(a) does not require that a complaint contain "detailed factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "As the text of Rule 8(a)(2) itself makes clear, even a 'short and plain' statement" will suffice. Sheppard v. David Evans & Assoc., 694 F.3d 1045, 1049 (9th Cir. 2012).

2. Under Rule 12(e), "[a] party may move for a more definite statement of a pleading" if it is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A motion for more definite statement is "proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted." Sagan v. Apple Computer, Inc., 874 F. Supp. 1072, 1077 (C.D. Cal. 1994). Such motions are generally disfavored in light of the liberal pleading standard, and "should not be granted unless the defendant cannot frame a responsive pleading." Falamore, Inc. v. Edison Bros. Stores, Inc., 525 F. Supp. 940, 949 (E.D. Cal. 1981) (citing Boxall v. Sequoia Union High Sch. Dist., 464 F. Supp. 1104, 1114 (N.D. Cal. 1979)). "A Rule 12(e) motion 'is likely to be denied where the substance of the claim has been alleged, even though some of the details are omitted.'" Occhionero v. Salinas, 2016 U.S. Dist. LEXIS 82117, at *15, 2016 WL 3448104 (E.D. Cal. June 23, 2016) (quoting Neveau v. City of Fresno, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005)).

3. Nguyen argues he is entitled to a more definite statement of the allegations against him because the AC does not set forth "what actions he is individually accused of having taken in furtherance of the alleged conspiracy." More specifically, Nguyen takes issue with the portions of the AC claiming that he and eight other Cisco employees sold stolen Cisco products "and/or" confidential information about Cisco to other defendants, namely Cuong Cao Dang, "and/or" Cavin Pham, "and/or" Khanh Le, and their related companies. He claims the grouping together of two forms of alleged conduct - both stealing products and stealing secrets - as well as the use of the "and/or" connector, results in "at least 54, and possibly as many as 90, different possible combinations of parties and actions."

4. For its part, Cisco contends the AC is sufficient to notify Nguyen of his alleged

involvement in the conspiracy. Cisco points to certain paragraphs of the AC specifying that Nguyen and the other employee co-defendants allegedly sold products and/or information stolen from Cisco to all of Dang, Pham and Le, or some combination of the three, and that the defendants, including Nguyen, participated in and relied upon the ability to change the serial numbers on the stolen products in order to prevent them from being traced. Cisco also identifies the allegation that Nguyen and the other defendants agreed to be part of the conspiracy "due to the huge windfall of profits they each received . . . ."

5.   In reviewing the parties' arguments as well as the AC, the court is mindful that Rule 12(e) is directed at "'unintelligibility rather than lack of detail . . . .'" Griffin v. Cedar Fair, L.P., 817 F. Supp. 2d 1152, 1156 (N.D. Cal. 2011) (quoting Castaneda v. Burger King Corp., 597 F. Supp. 2d 1035, 1045 (N.D. Cal. 2009)). To that end, "[i]f the detail sought by a motion for more definite statement is obtainable through discovery, the motion should be denied." Id. (quoting Beery v. Hitachi Home Elecs., Inc., 157 F.R.D. 477, 480 (C.D. Cal. 1993)); accord Meade v. Cedarapids, Inc., No. 95-6307-CO, 1996 U.S. Dist. LEXIS 22832, at *12 (D. Or. Feb. 6, 1996) ("A Rule 12(e) motion is not to be used as a means of discovery.").

6.   Here, the AC is not unintelligible or indefinite, and it contains substance sufficient for Nguyen to understand what is alleged against him. Though the AC does not particularly and separately detail what each defendant did in furtherance of the conspiracy, and does indeed increase the amount of potential conduct at issue by using "and/or" several times, it nonetheless informs the defendants of the conspiracy's alleged object and their roles in furtherance of that object in a straightforward, comprehensible manner. Such allegations are sufficient for Nguyen to determine how he should respond to the AC, whether by general denial or otherwise. The AC is not defective merely because it lacks additional information about the particular actions Nguyen allegedly undertook or because there are several possible combinations of co-conspirators since more refined information is obtainable through discovery targeted at developing the specific facts.

7.   Furthermore, Nguyen's pleadings demonstrate he is aware of the AC's basic allegations. As the recitation of his argument demonstrates, Nguyen was able to identify in the

3
Case No.: 5:14-cv-01789-EJD
ORDER DENYING DEFENDANT'S MOTION FOR MORE DEFINITE STATEMENT

moving papers each of the allegations most critical to his interest. This fact further undermines the necessity of Rule 12(e) relief. See Griffin, 817 F. Supp. 2d at 1156 (holding that when the defendant "understands the complaint and where the more specific details it seeks are obtainable through discovery, an order for more definite statement under Fed. R. Civ. P. 12(e) is not appropriate.").

8. The most relevant legal authority cited by Nguyen does not compel another conclusion. In Gillibeau v. Richmond, 417 F.2d 426, 430 (9th Cir. 1969), the court held that defendants may be entitled to more definite conspiracy allegations because the plaintiffs generically alleged that "all of the defendants acted 'jointly and severally, separately and conspiratorily,' and that they did 'conspire' with each other." Similarly, in Park Electric Company v. International Brotherhood of Electrical Workers, Local 701, AFL-CIO, 540 F. Supp. 779, 781-82 (N.D. Ill. 1982), the district court granted a Rule 12(e) motion as to allegations implying a conspiracy among the defendants and "union contractors in the Chicago suburban area," but did not identify those union contractors. Neither Gillibeau nor Park Electric Company govern the circumstances presented here since the AC's conspiracy allegations are not fatally generic or missing information about the members of the purported conspiracy.

Based on the foregoing, the court finds the AC is not so vague and ambiguous such that Nguyen is unable to frame a response to the pleading. Accordingly, Nguyen's motion for a more definite statement under Rule 12(e) is DENIED. Nguyen shall respond to the AC within 14 days of the date this order is filed. Fed. R. Civ. P. 12(a)(4).

**IT IS SO ORDERED.**

Dated: October 21, 2016

EDWARD J. DAVILA
United States District Judge